State v. Davis.

———◦◦◦◦———

THE STATE, Respondent, v. DAVIS, Appellant.

1. Where an indictment contains two counts, one founded on the 35th, the other upon the 39th, section of the second article of the act concerning crimes and punishments, (R. C. 1855, p. 565, 567,) and both counts relate

to the same transaction, the defendant is not entitled to demand that the prosecution shall select the count upon which the defendant shall be tried.

2. Every felonious act must be charged to have been feloniously done; this requirement will be satisfied, in an indictment founded upon the 39th section of the second article of the act concerning crimes and punishments (R. C. 1855, p. 567,) by an averment that the assault was made feloniously and that the striking, cutting and thrusting were done feloniously, although the maiming, wounding, disfiguring or doing great bodily harm may not be directly charged to have been done feloniously.

3. Principals in the first and second degrees are in law equally guilty; there is no difference in the grade of their offences. The one charged as principal in the first degree, if properly indicted himself, can not take advantage of defective averments, if any, against those indicted as principals in the second degree.

4. It is not good cause of challenge to a juror in a criminal case that he has formed or delivered an opinion on the issue or any material fact to be tried, if it appear that such opinion is founded only on rumor and not such as to prejudice or bias his mind. (R. C. 1855, p. 1191, § 14.)

5. Testimony can not be introduced to show that a witness had made statements contradictory of those made upon the witness stand, unless a foundation be first laid for such testimony by calling the witness' attention to the matter about which he is to be contradicted and thus giving him an opportunity to explain.

## Appeal from Osage Circuit Court.

It is sufficient to state, in addition to the facts stated in the opinion of the court, that the court, at the instance of the State, gave the following instructions bearing upon the second count of the indictment: "2. If the jury believe from the evidence that the defendant within three years next before the finding of this indictment, and in Osage county, wilfully and feloniously made an assault with a knife, being a deadly weapon, likely to produce death or great bodily harm, and inflicted a wound upon the face of said Berry, or upon the side, or upon any other part of the body of the said Berry, whereby the said Berry was wounded, disfigured, or received great bodily harm, then the jury must find him guilty under the second count of the indictment, and in that case must assess his punishment by imprisonment in the penitentiary, &c. 5. Although the jury should believe from the evidence that Berry struck defendant with a knife or snapped a pistol at him, yet if the defendant was pursuing

State v. Davis.

him to assault him or to inflict on him great personal injury, and there was reasonable cause for Berry to apprehend immediate danger from such assault or injury, then Berry had a right to strike or shoot, if necessary, in his self-defence ; and if, under such circumstances, defendant assaulted Berry as described in the first or second instruction, he was not justified in so doing. 6. Mere words of insult or banter, even if Berry had first used them, constitute in law no provocation or excuse to justify an assault or wounding."

The court, at the instance of defendant, gave the following instruction bearing upon the second count: "1. Although the jury may believe from the evidence in this cause that the defendant Thomas Davis inflicted the wounds upon the person of Robert Berry, yet if they further believe that they [were] inflicted in the lawful defence of himself; or if Davis had reasonable cause to apprehend a design on the part of Berry to do him (Davis) some great personal injury, and that Davis had reasonable cause to apprehend immediate danger of such design being accomplished, they will find the defendant not guilty."

The court refused many instructions asked by the defendant. It is unnecessary to set them forth.

*Ewing & Parsons*, for appellant.

I. The court should have quashed the second count of the indictment. It does not charge the maiming, wounding, disfiguring, &c., to have been done feloniously. (See State v. Feaster, 25 Mo. 325 ; State v. Leonard, 22 Mo. 449.) It also first charges that the codefendants of Davis were principals in the first degree, and afterwards charges said codefendants as principals in the second degree.

II. The court should have declared the jurors Shackelford, Miller and others incompetent to sit as jurors. They said that their opinion in regard to the issues were so fixed in their minds as to require evidence to remove it.

III. The court should have permitted the defendant to contradict the testimony of Mrs. Rosson.

IV. The court erred in giving the second instruction. The felonious assault was not the gist of the action; it was the felonious wounding. The instruction takes from the jury all consideration of provocation or self-defence. There was evidence tending to show that the wounding, disfiguring, &c., was done in self-defence. The fifth instruction was erroneous. The court should have given the instructions asked by defendant.

*Knott*, (attorney general,) for the State.

I. The second count of the indictment is good. Principals in the first and second degrees are equally guilty. The offence may be charged as the joint act of all, and the part performed by each then set forth, or the part that each performed may be first set out and then the conclusion drawn that all are guilty. The word " feloniously" placed before " strike, cut and thrust" relates to and is descriptive of the wounding, disfiguring, &c., mentioned as the consequence of the striking, cutting, &c., and need not be repeated. (2 Hale P. C. 185; Bac. Abr. tit. Indict. 556; State v. Mc-Grath, 19 Mo. 678.) In the case of the State v. Feaster, the act done with the weapon was not charged to have been done feloniously. If the defendant feloniously struck, and the wounding was the immediate consequence of the stroke, it would be absurd to say that the wounding was not feloniously done, or that it was not so charged.

II. The court properly refused to compel the circuit attorney to elect upon which count of the indictment he would proceed. (State v. Jackson, 11 Mo. 544; State v. Leonard, 22 Mo. 449; State v. Porter, 26 Mo. 201.)

III. The jurors Shackelford and other were competent. There is nothing in the fact that "it would require evidence to remove the opinions they had entertained." (See R. C. 1855, p. 1191, § 14; State v. Baldwin, 12 Mo, 224.)

IV. The court properly refused to permit the witness Davis to detail a conversation he had with Mrs. Rosson. No foundation was laid for contradicting the witness with a

view to discredit her. (Greenl. Ev. § 462; Roscoe's Cr. Ev. 183.)

V. The instructions given to the jury were correct. There was no error in refusing the instructions asked by defendant.

SCOTT, Judge, delivered the opinion of the court.

The defendant Davis was indicted, with three others, under the 35th and 39th sections of the second article of the act concerning crimes and their punishments. There were two counts in the indictment; the one on the 35th, and the other on the 39th of said sections. The first charges a wilful felonious striking with a dangerous weapon, on purpose and of malice aforethought, with the intent, then and there, Robert Berry .wilfully, feloniously, on purpose and of his malice aforethought to kill. The second count charges that the defendant, with three others, on, &c., at, &c., in and upon the body of one Robert Berry, wilfully and feloniously an assault did make; and that he, the said Davis, with a certain knife, then and there being a deadly weapon which he, the said T. Davis, in his right hand had and held, the said Robert Berry, 'in and upon the left side, &c., then and there, wilfully and feloniously did strike, cut and thrust, giving to the said Robert Berry, then and there, with the knife aforesaid, in and upon the left side, &c., several dangerous wounds, whereby he, the said Robert Berry, was then and there greatly wounded and disfigured, and received great bodily harm; and that the said John Davis, William Gilmore and Oscar D. Hancock, then and there, wilfully and feloniously were present aiding, helping, abetting, assisting and maintaining the said Thomas Davis the felony aforesaid, in manner and form aforesaid, to do and commit, contrary to the form, &c.

Thomas Davis, who is charged in the indictment as the principal in the first degree, elected to be tried separately, was convicted and appealed to this court. Before his election of a separate trial a motion was made to quash the indictment on grounds, some of which did not affect this defen-

dant, and he can not therefore avail himself of any advantage to be derived from them. If he is properly indicted as a principal in the first degree, he can not complain that those joined as principals in the second are not properly charged with an offence. The subject has of late been so frequently before the court, that it was generally supposed to be settled, that there is no difference in the guilt of principals in the first and second degree. A principal in the first degree is he who actually commits the crime. A principal in the second degree is he who takes not part in the actual commission of the offence, but is present aiding, abetting and assisting him who does. As the guilt of these parties is in the eye of the law equal, they are all punished alike; and if he, who is only present aiding and abetting those who actually commit the offence, is indicted as the actual perpetrator of it, the indictment is good, and is supported by proof of his presence and countenance, for they in the contemplation of the law are all principals. (State v. Phillips & Ross, 24 Mo. 475.)

The indictment as against the principals in the second degree has been compared with the approved precedents, and it substantially conforms to them. (3 Chitty's Crim. Law, 792.) The words of the section, under which the second count of the indictment is framed, are — "if any person shall be maimed, wounded or disfigured, or receive great bodily harm, &c., by the act, procurement or culpable negligence of another," &c. Now these words do not require as a part of the description of the offence that the wounding should be felonious. Every felonious act must be charged to have been done feloniously, and the crime here charged is a felony; but this requirement is satisfied by the averment that the assault was made, and that the striking, cutting and thrusting was feloniously done. If the blow which causes a wounding is inflicted feloniously, the wound, the consequence of the blow, must have been made with a felonious intent. Chitty says, it is not necessary to repeat the words "feloniously and of malice aforethought" to every allegation; for if the assault be stated to have been thus made, and the in-

dictment proceed to aver that the defendant *then and there* struck, &c., it will be good without repeating them, because the acts are sufficiently connected. (3 Chitty C. L. 738; 4 Coke, 41, *b*.)

The defendant had no right to compel the State to elect on which count in the indictment she would try him. As but one offence was committed, and the two counts related to the same transaction, it was entirely competent to the State to vary her charges by means of several counts, although under different sections of the statute, so as to meet the proof which might be produced. (State v. Porter, 26 Mo. 201.)

The objection to the competency of the jurors can not be sustained. The jurors were examined on their *voir dire*, and stated that they had formed an opinion, but it was upon rumor, and was not such as to bias or prejudice their minds. This has long been the law in this state, and such jurors have invariably been held competent; and the course of decision will not be varied because complaisant men, in a long course of cross-examination by counsel, may give an answer somewhat favorable to those who may wish to exclude them. Such is the growing aversion to serving on juries, that unless this rule is adhered to it will be impossible to obtain competent jurors.

Although the bill of exceptions states that a ground was laid in the examination in chief of Mrs. Rosson for contradicting her, yet that was by way of recital; and we do not find in the evidence of that witness as preserved in the record any sufficient foundation for that purpose. A witness, who will give contradictory accounts of a transaction, can not be relied on, but it is very unsatisfactory evidence to prove that a witness has contradicted himself, unless the witness is first apprised of the matter about which he is to be contradicted and of the circumstances and occasion of the declaration. By giving him an opportunity, it may be in his power to explain the matter, to show that he was mistaken, and thereby remove any improper impressions his apparently contradictory declarations may have produced.

26—VOL. XXIX.

As the defendant was found not guilty of the first count in the indictment, it will not be necessary to review the instructions founded on the law peculiar to that count. This will relieve us of the necessity of going into the subject of malice involved in the section on which that count is founded.

The complaint of the second instruction given on the part of the State is in a great measure a revival of the objections urged against the second count on the motion to quash the indictment. Without repeating what has been already said in relation to the sufficiency of the second count of the indictment, it may be remarked that this indictment avoids the objection taken to that of the State v. Feaster, 25 Mo. 325 ; for it alleges that both the assault was made feloniously, and that the defendant was feloniously stricken, bringing it within the very requirement of that case.

If the second instruction given for the State had stood alone, it could not under the circumstances have been sustained. But the defects of that instruction were cured from the manner in which the first instruction given for the defendant was framed. It was so worded that it must have drawn the attention of the jury to the second instruction given on the part of the State, and the two would necessarily be understood as standing together.

It has already been observed, that the instructions on the subject of malice are out of the case, as the defendant was acquitted of the first count, the only one on which it was material to consider that matter.

The first instruction given for the defendant having stated the circumstances under which his assault on Berry would have been justifiable, the court properly refused the other instructions on that subject, as they were not only unnecesary, but failed to state in a proper manner the facts required by the statute in order to mitigate a felonious assault to one that was justifiable.

Judge Napton concurring, judgment affirmed.