THE STATE v. FREDERICKS AND REED, *Appellants*.

1. **Criminal Law** : EVIDENCE : CONFESSIONS. A confession procured by artifice is not for that reason inadmissible, unless the artifice used was calculated to produce an untrue confession.

2. ———— : ———— : ————. Mere suggestions or advice to the accused to confess, or even solemn adjurations to do so by one holding no official position, will not render the confession inadmissible. But in all cases the age, experience and constitution of the person making the confession and the circumstances under which it was made should be taken into consideration in determining the question of its admissibility.

3. ———— : ———— : DECLARATIONS OF CONSPIRATOR. After the accomplishment or abandonment of the common enterprise, no declaration of one conspirator will affect another and should be excluded as to the latter.

4. ———— : WITHDRAWING EVIDENCE BY INSTRUCTION. Where a specific objection to improper evidence is overruled and it goes to the jury with the sanction of the court, the error 'will not be cured by withdrawing it by instruction, if it is of such character as to prejudice defendant's case.

5. ———— : PRINCIPAL AND ACCESSORY : STATUTE. All distinction between principal and accessory before the fact has been abolished by Revised Statutes, section 1649.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

REVERSED.

*Wooldridge & Daniel* for appellants.'

(1) The court erred in admitting the confessions of defendant, Reed. It does not appear that they were voluntarily made. Those made to witness, Wirt, were induced by promises and by means of intimidation employed by the witness. *State v. Brockman*, 46 Mo. 566, 569 ; *State v. Simon*, 50 Mo. 370, 372 ; *State v. Hagan*, 54 Mo. 195 ; *State v. Jones*, 54 Mo. 478 ; *State v. Carlisle*, 57 Mo. 102 ; Wharton on Crim. Evid., section 673 ; 1 Greenl. Evid. (11 Ed.) section 219. The confessions afterwards made to other witnesses should have been excluded, as they are presumed to come from the same motive. *State v. Jones*, 54 Mo. 478; *State v. Brown*, 73 Mo. 631. (2) There is no competent, legal evidence connecting defendant, Reed, with the crime charged in the indictment. The statement of defendant, Fredericks, to the witness, Hereford, that "he would not have taken the horse, but for Reed," should have been excluded. Also, the evidence of the distinct crime of stealing Kyle's horse by Fredericks. Even if a common design had existed between defendants, together to take the horse in question, a confession made by either of them after its abandonment was inadmissible against the other. 1 Greenl. Evid., section 111 ; *State v. Ross*, 29 Mo. 32, 50; *State v. Duncan*, 64 Mo. 262, 266, and cases cited ; *Laytham v. Agnew*, 70 Mo. 48 ; *State v. Dean*, 13 Iredell, 36. (3) Instruction number one given on the part of the state, is erroneous. Neither of the defendants was indicted as an accessory, either before or after the fact. It was doubtless predicated upon a supposed admission of the defendant, Reed, to the witness, Kyle, that while he did not take the horse, he was accessory to it. It was calculated to mislead the jury. An accessory is not "one who stands by and aids, abets, or assists," in the commission of crime. 1

Hale 615 ; 1 Wharton Crim: Law (6 Ed.) section 134. Instruction number three, given on the part of the state is erroneous and bad; for it assumes that the horse was stolen. *Merritt v. Given*, 34 Mo. 98 ; 34 Mo. 147 ; *Peck v. Richey*, 66 Mo. 114 ; *Moffatt v. Conklin*, 35 Mo. 453 *State v. Dillahunty*, 18 Mo. 331. Instruction numbered two asked by defendants should have been given, and the court erred in changing and modifying instructions numbered five and six as asked by defendants. (4) The verdict is bad, there being no separate assessment of punishment as required by law. *State v. Gay*, 10 Mo. 441 ; *Barada v. State*, 13 Mo. 94 ; *State v. Berry et al.*, 21 Mo. 504, 507 ; *Curd v. Com.*, 14 B. Monroe, 386 ; *Burnett v. State*, 30 Tex. 521 ; *Allen v. State*, 34 Tex. 230 ; 1 Bishop on Crim. Proc. (3 Ed.) section 1036 ; Kelly's Crim. Law and Prac., section 388 ; Revised Statutes, 1928. The judgment does not conform to the verdict.

*B. G. Boone*, Attorney-General, for the state.

(1) These confessions were properly admitted. *State v. Patterson*, 73 Mo. 690; *State v. Simon*, 50 Mo. 370 ; *State v. Carlisle*, 57 Mo. 104 ; *State v. Hopkirk*, 84 Mo. 273. (2) The evidence was amply sufficient to show that defendant, Reed, was connected with, and a party to, the stealing of Gentry's horse, and the law on that point was correctly stated to the court. The testimony of Gentry, Wirt, W. S. Reed, father of defendant, Reed, and defendant, Reed's, own testimony clearly shows Reed's connection with the stealing. (3) It is also insisted by appellant that the verdict is bad, there being no separate assessment of punishment. This objection is not well taken. The record shows that the defendants received the *minimum* punishment, and could not, therefore, be injured or affected by the alleged informality of the verdict. (4) The indictment is sufficient, and the instructions given by the trial court are clear and correct declarations of the law of this case, and no substantial

error is apparent on the record, and the judgment should be affirmed.

HENRY, C. J.—The defendants were jointly indicted for stealing a horse, the property of one Thomas E. Gentry. They were tried jointly and found guilty at the November term, 1884, of the Cass circuit court and sentenced to imprisonment in the penitentiary for a term of two years. From the judgment they have appealed.

The first complaint made is that the confession of the defendant Reed was admitted as evidence against him, and it is contended that he was induced to make it by promise of reward. Before the arrest of defendants, or either of them, in the state of Kansas, one E. N. Wirt, with whom the horse in question and another were left by Fredericks, having had his suspicions aroused that the horses were stolen, went in quest of Reed, who had been at Wirt's stable in company with Fredericks whom he had introduced to Wirt as Owen, and found him in the county some distance from Humboldt. On inquiry Reed told Wirt that he was going to see a gentleman in the county, naming him, to get him to identify the horses. Wirt told him there was no such man in the county, and that he did not believe a word he said about the horses, and that he had just as well tell what he knew about it; that he had had Owen arrested. Witness further said: "You had better turn state's evidence, and we could fix the matter up and get the reward offered for the horses. I have a man in front of you and one behind you and for you to get away is impossible." Reed replied that it would take a good man to arrest him. Wirt told him that he did not want to arrest him. Defendant had his hands on his revolver, about half drawn from his pockets. After further conversation, Wirt said to him: "You had just as well make the thing straight." This was immediately after Reed had consented to go back to Humboldt with Wirt. Reed then told Wirt that one of the horses belonged to Gentry and

the other to Kyle, also told when they were taken, and that Owen's true name was Fredericks.

I cannot see that this confession was either extorted from Reed, or induced by a promise of reward. It is well settled that a confession is not rendered inadmissible because made under a supposition that the accomplice of the party making it is in custody, when in fact he was not, although the impression that the accomplice was in custody was created by artifice, with a view to obtain the confession, unless the artifice used was calculated to produce an untrue confession. Wharton's Criminal Evidence, section 670. Wirt was not an officer, did not arrest or attempt to arrest Reed. Reed was armed, Wirt was not. Wirt had no interest in the stolen property. Mere suggestions or advice to the accused, or even solemn adjurations by one holding no official position, to confess, will not make the confession inadmissible. Wharton's Crim. Evid., sec. 669. This is true as a general proposition, but in all cases the age, experience, intelligence and constitution of the party, and the circumstances under which the confession was made are to be taken into consideration in determining the question of its admissibility. Greenl. Evid., sec. 225. We think there was nothing in the proposition made to the witness to "turn state's evidence and with Wirt get the reward offered for the horses" likely to lead to a false confession.

There was evidence admitted of a declaration made by Fredericks that he would not have taken the horses but for Reed, and also of a declaration made by Reed that he was to meet Fredericks on Friday night, the eighth of August, for the purpose of taking the Gentry horse. This declaration of each should have been excluded, as against the other. *State v. Duncan,* 64 Mo. 263; *Laytham v. Agnew,* 70 Mo. 48; *State v. Reed, post,* p. —— "Declarations of confederates against each other are only admissible as a part of the *res gestae,* and unless they accompany acts done in the prosecution of the common

object, they are inadmissible." After the accomplishment or abandonment of the common enterprise, no declaration of one conspirator will affect another. See cases above cited. The court, it is true, gave one instruction for the state and one requested by defendants, telling the jury that any statement made by either of defendants, after their arrest, implicating the other should be disregarded by them. It is difficult to get a confession before the jury to the extent to which it is admissible, when it consists of matter implicating, not only the party making it, but another; but when the objection was made, the court should have directed the witness to state only so much of the confession of the party making it as concerned that party. Instead of that, the court overruled the objection and admitted the evidence, and then attempted to remedy the wrong done by instructions. If the court in overruling the defendants' objection had given the caution to the witness which we have indicated, and afterwards the objectionable evidence had been given by the witness inadvertently, because of its intimate connection with the admissible portion, or perversely, we should not be inclined to reverse the judgment when, by an instruction, the court had done all in its power to destroy the effect of such evidence upon the minds of the jurymen. But, in this case, a specific objection to the testimony was overruled, and it went to the jury with the sanction of the court. It was of a character to prejudice each of the defendants. And in the *State v. Hopper*, 71 Mo. 425, it was held that an instruction to disregard evidence improperly admitted would not cure the error of admitting it if it was of a character to prejudice defendant's case.

With respect to the other instructions, section 1649, Revised Statutes, we think has virtually abrogated the distinction between principals and accessories before the fact. It is as follows: "Every person who shall be a principal, in the second degree, in the commission of any felony, or who shall be

accessory to any murder, or other felony before the fact, shall upon conviction, be adjudged guilty of the offence in the same degree, and may be charged, tried, convicted and punished in the same manner as a principal in the first degree." There was, therefore, no necessity for instructions with respect to accessories before the fact. Whether present or absent when and where a felony is committed, if a party advises, counsels, or encourages its perpetration, he is guilty of perpetrating it, since he may be charged, tried, convicted, and punished in the same manner as principal in the first degree. This leaves no distinction between a principal in the first degree and an accessory before the fact, except in name.

The instructions were substantially correct. The judgment is reversed and the cause remanded for the reasons herein indicated. All concur.