## THE STATE v. RUCKER, *Appellant.*

1.  Criminal Law: FORGERY: INDICTMENT.  An indictment for
    forgery held sufficient.  It was not necessary to its validity that it
    charge that there was an intent on the part of defendant to de-
    fraud any particular person.

2.  ———— : ———— : EVIDENCE.  The possession of a forged instrument,
    or the uttering of it by one, in the county where the indictment is
    found, is strong evidence that the forgery was committed by him
    in the same county.

3.  ———— : ————.  One who procures the commission of a forgery, or
    who is present aiding and abetting another in perpetrating it, is as
    guilty as though he himself forged the instrument.

*Appeal from Saline Criminal Court.*—HON. JOHN E.
RYLAND, Judge.

AFFIRMED.

*J. F. King* for appellant filed no brief.

*B. G. Boone,* Attorney General, for the state.

(1)  The indictment is sufficient.  It not only charges
the offence in the language of the statute, but it de-
scribes the instrument according to its tenor.  R. S.,
sect. 1386.  It was not necessary to charge an intent on
the part of defendant to defraud any particular person,
*State v. Yerger,* 86 Mo. 33 ; *State v. Phillips,* 78 Mo. 49 ;
*State v. Scott,* 48 Mo. 422.  (2) The instructions pre-
sented every phase of the case under the evidence, and
are sufficient.  *Ritzman v. People,* 110 Ill. 362.  (3) The ev-
idence was sufficient to sustain the verdict.  While it was
not shown that defendant made or signed the false instru-
ment, the possession of the same by him, and his seeking
to and deriving benefit from it, was evidence sufficient to

sustain a conviction for the crime charged. 2 Bish. on Crim. Proc., sec. 433; 2 Whar. on Crim. Law, sec. 1465*a; State v. Yerger*, 86 Mo. 38, and cas. cit. (4) The proof of the existence of the corporation, " The Farmers' Savings Bank," was properly made. R. S., sec. 1915; *State v. Tucker*, 84 Mo. 25; *State v. Jackson*, 90 Mo. 156.

BRACE, J.—The defendant was indicted, tried, and convicted, of the crime of forgery in the second degree; his motion in arrest of judgment and for a new trial was overruled, and he brings the case here by appeal.

The indictment, omitting the formal part, is as follows: " That Henry Rucker, on the twentieth day of August, 1886, at the county of Saline aforesaid, feloniously did forge, counterfeit, and falsely make, a certain false, forged, and counterfeit check, purporting to be made and drawn by one C. C. Booth, on the Farmers' Savings Bank, a bank then and there duly incorporated under the laws of the state of Missouri, which said false, forged, and counterfeit check is of the tenor following, that is to say:

" ' No. ——.          Marshall, Mo., Aug. 20, 1886.
      " ' Farmers' Savings Bank: Pay to Henry Taylor, or bearer, five dollars ($5.00).
      " ' $5.00                              C. C. BOOTH.'

With intent thereby, then and there, to feloniously injure and defraud, against the peace and dignity of the state."

The indictment is sufficient; it charges the offence in the language of the statute, sets forth the instrument according to its tenor, and it was not necessary to its validity to charge that there was an intent on the part of defendant to defraud any particular person. R. S., sec. 1686. The verdict was in proper form, and there was no error in overruling the motion in arrest of judgment. The causes assigned for a new trial were: that

the verdict was against the law and the evidence; that the court erred in admitting improper evidence, in giving improper instructions for the state, and in refusing defendant's instructions, and in overruling defendant's demurrer to the evidence.

There was no improper or incompetent evidence offered by the state, or admitted by the court, and no specific objections were made by the defendant to any evidence admitted by the court.

It was shown in evidence for the state by C. C. Booth, whose name was signed to the check set out in the indictment, that it was a forgery, and that he never made, signed, or gave it to anybody; by J. Philpot, a merchant in the city of Marshall, in Saline county, Missouri, that, on or about the day of its date, the defendant uttered the check in his store in said city and county, by passing it to him in payment for a pair of shoes bought by defendant of him, and that defendant for it received from him the shoes, and the difference between the price of the shoes and the amount of the check in money, and by another witness, that he saw the defendant, about that date, in possession of a check, and saw him go into the Farmers' Savings Bank with it. The demurrer to the evidence was properly overruled. The possession of a forged instrument, or the uttering of it by one in the county where the indictment is found, is strong evidence that the forgery of the instrument was committed by him in the same county. *State v. Yerger*, 86 Mo. 33, and authorities cited.

The defendant testified, in his own behalf, that he never saw the check until he was arrested for forging it; that he did not make the check; that he did not sign the name of C. C. Booth to it, and that he could neither read nor write, and introduced several other witnesses who testified that he could neither read nor write.

The instructions given by the court, at the request

of the state, contained a proper exposition of the law of the case. That the check was a forgery was an undisputed fact, and the court, in substance, instructed the jury that, in order to find defendant guilty, they must find, from the evidence, beyond a reasonable doubt, that the defendant, with intent to defraud, either forged the check himself, or that he procured it to be forged by another, or that he was present aiding and abetting the forgery. The first instruction asked for the defendant was a renewal in that form of his demurrer to the evidence, and, for the reason before stated, was properly refused. The remaining instructions asked for defendant had the common vice of requiring the jury to acquit unless they found that the defendant forged the check, totally ignoring the principle that he was alike guilty in case he procured, or was present, aiding and abetting another in perpetrating the forgery, and that in such case it would be the duty of the jury to find the defendant guilty, the same as if he had written the check with his own hand. R. S., sec. 1649.

The case was fairly submitted to the jury on the evidence; the evidence was sufficient to support the verdict, and, finding no error in the record, the judgment of the circuit court is affirmed. All concur.