## THE STATE v. KUEHNER, *Appellant.*

1. **Practice, Criminal:** EVIDENCE. Upon the trial of a defendant for the murder of his wife, it is error to admit in evidence, over his objection, a petition for divorce filed by the deceased against the defendant and containing charges of the most damaging character against him, for the purpose of showing the whole of a conversation occurring between the officer serving the petition and the defendant, when the officer had testified to the whole of the conversation. And this is the case, although the court, by instruction, restricted the evidence to the purpose for which it was offered.

2. ——: EVIDENCE: INSTRUCTION. An instruction to disregard evidence improperly admitted will not cure the error of admitting it, if it was of a character prejudicial to defendant.

*Appeal from St. Louis Criminal Court.*—HON. G. S. VAN WAGONER, Judge.

REVERSED AND REMANDED.

*Simon S. Bass* for appellant.

It was error to permit the state to introduce in evidence the petition for divorce filed by deceased against the defendant. Such evidence falls within that prohibited by our state constitution, and the numerous decisions construing the same. The petition for divorce was neither a "dying declaration" nor a "deposition." Art. 2, sec. 22, Bill of Rights, Mo.; *State v. Houser*, 26 Mo. 431; *State v. McO'Blenis*, 24 Mo. 402; *State v. Able*, 65 Mo. 357. It was hearsay, pure and simple, and of the most prejudicial character. *State v. Reavis*, 71 Mo. 419; *State v. Rider*, 90 Mo. 54; *State v. Lewis*, 80 Mo. 111; *Perry v. Siter*, 37 Mo. 274; *State v. Dominique*, 30 Mo. 585. It was error to admit the petition in evidence, even though it was introduced "for the sole purpose of showing the whole of the conversation alleged by Thomas J. Walsh in this trial to have taken place between the said Thomas J. Walsh and the defendant, Adam Kuehner," as the court instructed. How, or in what manner, did the petition show that the alleged conversation took place? Nor was it admissible for the sole purpose of corroborating the testimony of Thomas J. Walsh. Evidence in corroboration is inadmissible prior to attack. *State v. Cooper*, 71 Mo. 436; *State v. Thomas*, 78 Mo. 327; *State v. Grant*, 79 Mo. 113; *State v. Reavis*, 71 Mo. 419. This erroneous admission of improper testimony was not cured by an instruction to the jury, to the effect that the allegations and statements in the petition are not evidence of their truth, etc., nor even if the jury had been instructed to disregard the evidence entirely. *State v. Hopper*, 71 Mo.

425; *State v. Fredericks*, 85 Mo. 145. "Courts will rarely presume that the particular evidence which has been wrongfully admitted could have had no influence on the minds of the jury," and the courts will hesitate long before they will say that the violation of a plain rule of evidence did not operate to the prejudice of an accused. *State v. Jaeger*, 66 Mo. 173; *State v. Thomas*, 78 Mo. 327; *State v. McLean*, 8 Mo. 153; *State v. Rothchild*, 68 Mo. 52.

*B. G. Boone*, Attorney General, for the state.

The evidence relative to the divorce was irrelevant, but, as defendant was not prejudiced, he cannot be heard to complain.

NORTON, C. J.—The defendant was indicted at the October term, 1885, of the St. Louis criminal court, for murder in the first degree, for shooting and killing his wife, Helena Kuehner. At the March term, 1886, of said court, he was tried and convicted of murder in the first degree, and after making unsuccessful motions for new trial and in arrest, brings the case to this court by appeal, and among other errors assigned is the action of the court in allowing (over defendant's objection) a petition for divorce, filed by the deceased against defendant, to be read as evidence to the jury. The petition contained charges against defendant (not necessary here to repeat) of the most damaging and prejudicial character, and, if true, showed him to be more of a beast than a man, and we are at a loss to perceive on what ground it was admitted as evidence, unless it is to be found in the following instruction given by the court:

"The court instructs the jury that the petition in a suit for divorce, brought by Helena Kuehner, plaintiff, against Adam Kuehner, defendant, in the circuit court of the city of St. Louis, was permitted by the court to be read in evidence in this trial for the sole purpose of

showing the whole of the conversation alleged by Thomas J. Walsh, in his evidence in this trial, to have taken place between the said Thomas J. Walsh and the defendant, Adam Kuehner. And the court further instructs the jury that the allegations and statements set forth and contained in said petition are not evidence of their truth, and must not be considered by the jury as evidence proving, or tending to prove, the truth of the allegations and statements set forth and contained in said petitions.''

By reference to the evidence, as it is on the record, it appears that he testified that he was deputy sheriff, and saw defendant on the morning of the thirtieth of May, 1885, at Padberg's saloon, and served a copy of the petition for divorce brought against him by his wife. He states: "I read the petition to him and gave him a copy,'' and, on being asked to go on and tell what occurred, he answered and said: "After reading him the original and handing him a copy, he told me, in the presence of Padberg, that the matter would be settled that day, without any lawyers, and asked me to have a drink with him, and I took a drink and walked out.'' He was then asked if that was the entire conversation, to which he answered "yes.'' As Walsh had testified to the entire conversation had with defendant, the reasons given by the court, in its instruction, for admitting the evidence had no foundation; nor was any such reason given when the evidence was received, but it was permitted to go to the jury with the full sanction of the court without restriction. While counsel for the state admits in his brief that the evidence was irrelevant, it is nevertheless insisted that the restriction put upon its consideration by the jury in the instruction cured the error in receiving it, and that defendant was not prejudiced.

When the charges made in the petition of the character hereinbefore stated are considered, its introduction as evidence was certainly prejudicial to defendant, and, as

was affirmed in the case of *State v. Hopper*, 71 Mo. 425, and re-affirmed in the case of *State v. Fredericks*, 85 Mo. 145, an instruction to disregard evidence improperly admitted would not cure the error of admitting it, if it was of a character prejudicial to defendant.

The case in other respects seems to have been well enough tried, but for the error committed in the respect noted, the judgment is reversed, and the cause remanded, in which all concur.