The State v. Stacy.

THE STATE, *Appellant*, v. STACY.

DIVISION TWO.

1. **Pleading, Criminal:** INDICTMENT. It is essential to the validity of an indictment that it conclude with the words, "against the peace and dignity of the state." (Constitution, art. 6, sec. 38.)

2. ———: ———. The concluding charge in an indictment for murder must be by the grand jurors upon their oaths. (*Affirming State v. Meyers*, 99 Mo. 107.)

3. ———: ———. An indictment for murder, which formally alleges that one defendant shot and killed the deceased and continues: "And the grand jurors aforesaid, upon their oath aforesaid, do further present and charge" that another defendant incited, moved, procured, etc., the first defendant to do the act, and concludes with the proper averments, charging both with murder, contains but one count, and is sufficient.

4. ———: ———: PRINCIPAL AND ACCESSORY. All distinction between principals and accessories before the fact has been abolished by the criminal code (R. S. 1889, sec. 3944), and the latter may be indicted and convicted as principals. An indictment is not contradictory, which charges one of two defendants with shooting and killing the deceased, and the other with advising and inciting him to do it, and concludes by alleging that both killed and murdered him.

5. ———: ———: INITIALS OF NAME. The indictment of a defendant by the initials of his christian name is sufficient.

*Appeal from Oregon Circuit Court.*—JAMES ORCHARD, EsQ., Special Judge.

REVERSED AND REMANDED.

*John M. Wood,* Attorney General, for the State.

The indictment is sufficient, and the court erred in quashing it. *State v. Anderson,* 89 Mo. 312; *State v. Steptoe,* 65 Mo. 640; *State v. Blan,* 69 Mo. 317; *State v. Snell,* 78 Mo. 240; *State v. Ramsey,* 82 Mo. 133; *State v. Steeley,* 65 Mo. 218; *State v. Payton,* 90 Mo. 220; *State v. Herrell,* 97 Mo. 105, and authorities cited; *State v. Taylor,* 21 Mo. 477; 2 Bish. Crim. Proc., sec. 5 and note 8,532,541 and 564; 1 Wharton Precedents, 117. The use of initials for the christian name of defendant is sufficient. *State v. Johnson,* 93 Mo. 73 and 317.

THOMAS, J.—The defendant Stacy was jointly indicted with William Sprague in the circuit court of Oregon county. The indictment is as follows:

"STATE OF MISSOURI, ⎰ ss.
  "County of Oregon. ⎱

"In the circuit court of Oregon county, Missouri, February term, A. D. 1890.

"The grand jurors for the state of Missouri, summoned from the body of the county of Oregon, duly impaneled, sworn and charged to inquire within and for the body of the county of Oregon, and state of Missouri, upon their oath present and charge that William Sprague, late of the county of Oregon, and state of Missouri, on the twentieth day of October, A. D. 1889, at and in the county of Oregon, and state of Missouri, in and upon one, D. M. Cornelius, then and there being, feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought, did make an assault and with a dangerous and deadly weapon, to-wit: A shotgun, then and there loaded with gunpowder and leaden balls which he, the said William Sprague in both hands then and there had and held at, and against him, the said D. M. Cornelius, then and there feloniously, on purpose, and of his malice aforethought, wilfully, deliberately, and premeditatedly did shoot off, and discharge, and with the shotgun aforesaid, and the leaden balls aforesaid, then and there feloniously, and on purpose, and of his malice aforethought, wilfully, deliberately and premeditatedly did shoot and strike him, the said D. M. Cornelius, in and upon the back of the neck of him, the said D. M. Cornelius, giving to him, the said D. M. Cornelius, then and there with the dangerous and deadly weapon, to-wit, the shotgun aforesaid, and the gunpowder and leaden balls aforesaid, in and upon the back of the neck of him, the said D. M. Cornelius, one mortal wound of the breadth of one inch, and of the depth of three inches, of which mortal wound the said D. M. Cornelius then and there immediately and instantly died. And the grand jurors aforesaid, upon their oath aforesaid, do further present and charge that S. P. Stacy, before the said felony and murder was committed in the manner and form aforesaid, and by the means aforesaid, at the time and place aforesaid, did then and there, unlawfully, feloniously, wilfully, deliberately and premeditatedly, incite, move, procure, aid, counsel, hire and

command him, the said William Sprague, to do and commit the said felony and murder aforesaid, in manner and form aforesaid, and by the means aforesaid, at the time and place aforesaid, to do and commit, and the grand jurors aforesaid, upon their oath aforesaid, do say that William Sprague and S. P. Stacy, him, the said D. M. Cornelius, at the time and place aforesaid, in the manner and by the means aforesaid, feloniously, on purpose, wilfully, deliberately, premeditatedly and of their malice aforethought, did kill and murder, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.''

Defendant filed a demurrer to this indictment as follows:

"Now at this day comes the defendant, S. P. Stacy, and demurs to the indictment in the above entitled cause, wherein the state of Missouri is plaintiff and S. P. Stacy is defendant, and wherein he stands charged with murder, as principal, in the first degree, for the following reasons, to-wit:

"*First.* Because there is a misjoinder of defendants.

"*Second.* Because the indictment in the first count does not conclude 'against the peace and dignity of the state.'

"*Third.* Because the name of the defendant is not mentioned in the first count of the pretended indictment.

"*Fourth.* Because the pretended indictment is contradictory of another indictment returned by the same grand jury, charging the said murder and felony to have been committed by the said William Sprague and Albert Stacy, at the same term of court.

"*Fifth.* Because the indictment is vague, indefinite and uncertain and contradictory, and impeaches the grand jury for truth and veracity. Defendant, therefore, moves the court to quash said indictment and that he be discharged.''

The demurrer was sustained, the indictment quashed and held for naught, and the state appeals.

. The defendant has filed no statement or brief in this court, nor can we determine from the brief filed by the attorney general what specific objections were made to this indictment, or upon what specific grounds the demurrer was sustained by the court below. We have carefully examined the indictment, however, and we can discover only two defects in it that can with any plausibility be urged as fatal. The first is that what is supposed to be the first count does not conclude, "against the peace and dignity of the state," and the second is that the allegations are contradictory of each other.

I. We do not concur in the theory of the demurrer, that there are two counts in this indictment. All the allegations in it constitute but one charge against two men. A count must be one complete charge of crime in itself. In this case, what is thought, no doubt, to be the first count of the indictment, is not a complete charge of any crime in itself. It does not conclude, " against the peace and dignity of the state," which is an averment without which no formal charge of crime is good. Const. Mo., sec. 38, art. 6 ; *State v. Lopez*, 19 Mo. 254 ; *State v. Pemberton*, 30 Mo. 376.

And, again, this part of the indictment does not conclude with the further words, "and the grand jurors aforesaid, upon their oaths aforesaid, do say that William Sprague, him, the said D. M. Cornelius, at the time and place aforesaid, in the manner and by the means aforesaid, feloniously, etc., did kill and murder." This is also a necessary averment in an indictment for murder. *State v. Pemberton*, 30 Mo. 376 ; *State v. Meyers*, 99 Mo. 107.

The pleader alleges that William Sprague shot and killed D. M. Cornelius, and then goes on to say that the grand jurors "do further present" that S. P. Stacy, before the shooting and killing occurred, advised the

said Sprague to commit the act, and then finally closes with this averment: "And the grand jurors aforesaid, upon their oaths aforesaid, do say that William Sprague and S. P. Stacy, him, the said D. M. Cornelius, at the time and place aforesaid, in the manner and by the means aforesaid, feloniously, on purpose, wilfully, deliberately, premeditatedly and of their malice aforethought did kill and murder, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state."

It would be unfair to the pleader and illogical to hold that there were two counts in the indictment because the statement, "the grand jurors do further present," etc., was made, and then turn round and say that the first count is incomplete and invalid because it lacks two necessary concluding averments. It would be more in consonance with reasonable rules of construction to hold that the pleader intended to state the facts in one continued narrative, especially when he concludes with both of the averments which are unquestionably necessary to make a good indictment. We can see no reason why the pleader may not allege a part of the case and say that the grand jurors do *further* present, and then add the other part of it and conclude the whole with the proper averments. This, we think, the pleader intended to do and did do in this case. Having reached this conclusion, the objection that the first count does not conclude "against the peace and dignity of the state" is not well taken. *State v. Hopper*, 71 Mo. 425.

II. It may be contended that the indictment is contradictory in first alleging that Sprague shot and killed the deceased, and that Stacy advised and incited him to do the act, and then concluding by alleging that *Sprague and Stacy* killed and murdered the deceased. There is no merit in this contention, however. Under our criminal code all distinction between principals and accessories before the fact have been abolished, and an accessory before the fact can be indicted and

convicted as a principal. R. S. 1889, sec. 3944; *State v. Fredericks*, 85 Mo. 145; *State v. Davis*, 29 Mo. 391; *State v. Ross*, 29 Mo. 32; *State v. Rucker*, 93 Mo. 88; *State v. Payton*, 90 Mo. 220; *State v. Anderson*, 89 Mo. 312.

According to these and other cases in this state, one who advises another to commit murder, and that other does commit it, the one who advises it, whether present or absent, in contemplation of law does the act himself. Hence, when the pleader in this case avers that Sprague shot and killed Cornelius, and that, before he did so, defendant Stacy advised him to do it, he simply stated the legal effect of the previous averments by the allegations that Sprague *and* Stacy did kill and murder Cornelius. *State v. Hopper, supra.*

There is no merit in the objection that defendant is indicted by the initials of his christian name. *State v. Johnson*, 93 Mo. 73. The demurrer ought to have been overruled, and because it was not done the case is reversed and remanded. All concur.