## THE STATE v. OSCAR B. RODERMAN, Appellant.

### Division Two, February 23, 1923.

1. **INDICTMENT:** Robbery. The indictment in this case, set out in full in the opinion, in both form and substance sufficiently charges defendant with the crime of robbery in the first degree.

2. ————: Accessory Before Fact. Under an indictment charging defendant and others with the crime of robbery in the first degree, the defendant may be tried and convicted as an accessory before the fact, although he was not personally present when the robbery was actually committed. An accessory before the fact is not entitled to be separately charged, tried and convicted as an accessory, but under the statute (Sec. 3687, R. S. 1919) he may be charged, tried and convicted as a principal.

3. **JURORS:** Voir Dire: Consultation by Counsel with Defendant: Due Process of Law. Where counsel for the defendant, after the panel of jurors had been qualified on their *voir dire* examination, requested that he be permitted to consult with defendant at some place other than the city jail, where defendant would be confined during the next twelve hours, as to his peremptory challenges of jurors, and the court announced that permission and opportunity would be given counsel to consult defendant at the city jail, and an order to that effect would be made if counsel desired it, and no objection was made or exception saved to such ruling, but it was acquiesced in, there was no denial of due process of law, and no violation of the statute (Sec. 3200, R. S. 1919) shown, but on the contrary, in view of these record showings, it will be presumed that the trial court did its duty.

4. **TESTIMONY:** Codefendant. A co-defendant, charged with the same offense, who has pleaded guilty thereto, is a competent witness for the State.

Appeal from St. Louis City Circuit Court.—*Hon. Frank Landwehr*, Judge.

AFFIRMED.

*Verne Lacy* and *James J. Milligan* for appellant.

(1) An accessory before the fact must be charged, tried and convicted as an accessory, although he may be

adjudged guilty of the offense in the same degree and punished as a principal. R. S. 1919, sec. 3687; Kelley's Crim. Law Practice, p. 51, sec. 51; State v. Granger, 203 Mo. 586; State v. Stacy, 103 Mo. 11; People v. Trim, 39 Cal. 75; People v. Campbell, 40 Cal. 129; Muster v. People, 31 Mich. 99, 112; Ulmer v. State, 14 Ind. 52; State v. York, 37 N. H. 175; State v. Carver, 49 Me. 588, 77 Am. Dec. 275; McCarty v. State, 44 Ind. 214, 15 Am. Rep. 232. (2) The defendant was denied due process of law and equal protection of the law in a trial, upon an indictment containing a charge other than the one upon which he was convicted. Mo. Constitution, art. 2, secs. 22, 30; U. S. Constitution, 14th Amendment, sec. 1; State v. Stowe, 132 Mo. 199; State v. Murphy, 141 Mo. 267; State v. Plant, 107 S. W. 1036, 1077; State v. Murphy, 147 S. W. 520; Miles v. State, 94 Ala. 106; State v. Learned, 47 Me. 426; Green v. Briggs, 10 Fed. Cases 5764, pp. 1135, 1139; State v. Newman, 96 Wis. 258; King v. State, 49 Ind. 210; Landringham v. State, 49 Ind. 186; State v. Symonds, 57 Me. 148; State v. Wilburn, 25 Tex. 738; Hewitt v. State, 25 Tex. 722; Hodgson v. Vermont, 168 U. S. 262, 42 L. Ed. 461; Kiefer v. State, 87 Md. 562; 12 Corpus Juris, 1204. (3) Failure of the court to give defendant's counsel, upon request, the privilege of consulting with the defendant as to the jurors who were to be challenged, was a denial of due process of law. R. S. 1919, secs. 3200, 3957; Mo. Constitution, art. 2, secs. 22, 30; U. S. Constitution, art. 14, sec. 1; State v. Warner, 165 Mo. 399; People v. Romero, 18 Cal. 89. (4) Defendant was convicted on inadmissible testimony. (a) The evidence did not support the allegations of the indictment. Authorities under point one. (b) The prosecuting witness was a co-indictee, and his testimony was inadmissible. R. S. 1919, sec. 4035; State v. Reppley, 212 S. W. 477.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for respondent.

State v. Roderman.

(1) The indictment properly charges the crime of robbery in the first degree. Secs. 3307, 3904, R. S. 1919; State v. Calvert, 209 Mo. 280, 285; State v. Lamb, 242 Mo. 398, 400; State v. Williams, 183 S. W. 309. (a) That the indictment charges the ownership of the property in one person and the proof shows possession of it in another who was robbed, does not constitute a variance. State v. Carroll, 214 Mo. 392, 400; State v. Williams, 183 S. W. 308. (b) That one is charged as a principal and is shown to have been absent at the time of the commission of the offense is not a variance. State v. Gow, 235 Mo. 307, 322; State v. Eddy, 199 S. W. 186; State v. Kramer, 226 S. W. 643. (c) An accessory before the fact may be tried in the same manner as a principal. Sec. 3687, R. S. 1919; State v. Orrick, 106 Mo. 111; State v. Gow, 235 Mo. 307, 322; State v. Carroll, 232 S. W. 701. (2) Evidence of a co-defendant is admissible against another defendant although there is no charge of conspiracy in the indictment. State v. Kennedy, 177 Mo. 98, 118; State v. Boatwright, 182 Mo. 43, 46; State v. Sykes, 191 Mo. 62, 78; Sprinkle v. United States, 141 Fed. 811. (3) The written confession of appellant was admissible in evidence as there was proof that it was voluntary. State v. Moore, 160 Mo. 460; State v. Jones, 171 Mo. 406; State v. Stebbens, 188 Mo. 387, 397. (4) A co-defendant who has pleaded guilty is a competent witness for the prosecution though he has not been sentenced. State v. Jackson, 106 Mo. 174; State v. Castro, 231 Mo. 408; State v. Reppley, 278 Mo. 333. (5) It is not error to refuse permission to an attorney to consult with a prisoner at a place other than the jail where he is confined, and if it were it would not avail appellant here as counsel consented to the court's ruling and saved no exception. Sec. 3200, R. S. 1919.

RAILEY, C.—On October 1, 1920, an indictment was filed in the Circuit Court of the City of St. Louis, charg-

297 Mo.—10

ing appellant and five other men with having, on August 21, 1920, at the city of St. Louis aforesaid, feloniously robbed one Herman J. Hinsman of $4056.10. On October 7, 1920, the various defendants were arraigned and each pleaded not guilty. On November 11, 1920, they were each granted a severance. On December 7, 1920, appellant withdrew his plea of not guilty, and entered a plea of guilty. On February 4, 1921, he withdrew his plea of guilty and entered a second plea of not guilty. He was tried before a jury and, on March 24, 1921, the following verdict was returned against him:

"We, the jury in the above entitled cause, find the defendant guilty of robbery in the first degree, as charged in the indictment, and assess the punishment at imprisonment in the penitentiary for (20) years."

Appellant filed motions for a new trial and in arrest of judgment, both of which were overruled and, thereafter, on April 19, 1921, the court rendered judgment and pronounced sentence upon appellant in conformity with the terms of the verdict. From the above judgment, defendant appealed to this court.

The evidence on behalf of the State tends to show, in substance, that on the morning of August 21, 1920, Herman J. Hinsman and Norman E. Dewes were employed as paymaster and salesman respectively for the National Refrigerator Company; that about nine o'clock of said morning they went in an automobile to the Southern Commercial Savings Bank, and drew therefrom $4056.10, with which to pay the employees of said Refrigerator Company; that on their return to the plant of said company, at 827 Koeln Avenue, in St. Louis, Missouri, and just west of a railroad crossing, co-defendant Flowers lowered the railroad gates, and defendants Mills, Frank and Charlie Adams approached Hinsman and Dewes, with drawn revolvers, compelled them to raise their hands and alight from the automobile; that they then took from Hinsman's pocket $310, and from the seat of the automobile $3746.10; and that they left im-

mediately in an automobile, with said money, driven by Harry Schmelzer.

A written confession, identified as having been made by appellant, was introduced in evidence, which shows that he had conspired with the other defendants, advised them to commit the robbery, and afterwards participated in a partial division of the money obtained through the robbery. Police Officers testified that appellant took them, after making his confession, to one of the defendants, where they obtained a part of the money, which had not been divided among the conspirators.

One of the defendants testified that appellant planned and arranged the details of the robbery, and induced him to participate therein; that appellant was present and participated in the partial division of the money among the conspirators following the robbery.

Appellant was not shown to have been present at the time of the robbery.

Harry Schmelzer, a co-defendant, testified, that he had never seen appellant prior to the robbery. Co-defendant Charles C. Adams and Roy Mills testified that the police officers threatened to arrest appellant's mother before he made his confession. Appellant testified that he did not participate in the robbery, and that he had no conversation with witness Flowers as to concocting, arranging or planning it. He also testified that he signed a confession, because the police officers were threatening to have his mother arrested if he did not do so.

I. The indictment in this case, without caption and signature, reads as follows:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, that Oscar B. Roderman, Thomas Flowers, 'Charles C. Adams, Harry Schmelzer, Roy Clarence 'Mills and Clifton Roy Frank on the 21st day of Information. August, one thousand nine hundred and twenty, at the city of St. Louis aforesaid, with force and

arms, in and upon one Herman J. Hinsman feloniously did make an assault; and the said Herman J. Hinsman in fear of an immediate injury to his person, then and there feloniously did put, and by force and violence to his person $4056.10, lawful money of the United States, of the value of $4056.10, all the money and personal property of the said Herman J. Hinsman, from the person and in the presence and against the will of the said Herman J. Hinsman then and there, with force and violence as aforesaid, feloniously and violently did rob, steal, take and carry away, with the felonious intent then and there to permanently deprive the owner of the use thereof and to convert the same to their own use; against the peace and dignity of the State.''

It charges the defendant with robbery in the first degree, and is sufficient as to both form and substance. [Secs. 3307, 3904, R. S. 1919; State v. Huffman, 238 S. W. (Mo.) l. c. 431; State v. Affronti, 292 Mo. 53; State v. Massey, 274 Mo. l. c. 584-5, 204 S. W. l. c. 542; State v. Eddy, 199 S. W. (Mo.) l. c. 187; State v. Flynn, 258 Mo. 211, 167 S. W. 516; State v. Calvert, 209 Mo. l. c. 285.).

II. Appellant contends that ''an accessory before the fact must be charged, tried and convicted as an ac-

**Accessory.**        cessory, although he may be adjudged guilty of the offense in the same degree and punished as a principal.''

We do not deem it necessary to review the authorities cited from other states in respect to above matter. We are referred by appellant to Kelley's Crim. Law & Practice, p. 51, sec. 51; State v. Granger, 203 Mo. 586, and State v. Stacy, 103 Mo. 11, as sustaining his contention. These authorities hold that an information or indictment in the form suggested by appellant would be proper, but do not decide that an indictment, like the one before us, is insufficient to charge defendant as an accessory before the fact. On the other hand, as con-

tended by counsel for respondent, the indictment herein was sufficient in form to admit proof thereunder, tending to show that appellant was guilty of robbery in the first degree as an accessory before the fact. [Sec. 3687, R. S. 1919; State v. Fredericks and Reed, 85 Mo. l. c. 151; State v. Anderson, 89 Mo. l. c. 333; State v. Stacy, 103 Mo. l. c. 16-17; State v. Orrick, 106 Mo. l. c. 119-20; State v. Carroll and Jocoy, 288 Mo. l. c. 404-5, 232 S. W. l. c. 701-2.]

Section 3687, Revised Statutes 1919, supra, reads as follows:

"Every person who shall be a principal in the second degree in the commission of any felony, or who shall be an accessory to any murder or other felony before the fact, shall, upon conviction, be adjudged guilty of the offense in the same degree, and may be charged, tried, convicted and punished in the same manner, as the principal in the first degree."

In State v. Stacy, 103 Mo. 11, relied on by appellant, at pages 16 and 17, in discussing the legal effect of Section 3687 supra, we said:

"It may be contended that the indictment is contradictory in first alleging that Sprague shot and killed the deceased, and that Stacy advised and incited him to do the act, and then concluding by alleging that Sprague and Stacy killed and murdered the deceased. There is no merit in this contention, however. Under our criminal code all distinction between principals and accessories before the fact have been abolished, and an accessory before the fact can be indicted and convicted as a principal. [R. S. 1889, sec. 3944; State v. Fredericks, 85 Mo. 145; State v. Davis, 29 Mo. 391; State v. Ross, 29 Mo. 32; State v. Rucker, 93 Mo. 88; State v. Payton, 90 Mo. 220; State v. Anderson, 89 Mo. 312.]

"According to these and other cases in this State, one who advises another to commit murder, and that other does commit it, the one who advises it, whether present or absent, in contemplation of law does the act

himself. Hence, when the pleader in this case avers that Sprague shot and killed Cornelius, and that, before he did so, defendant Stacy advised him to do it, he simply stated the legal effect of the previous averments by the allegations that Sprague and Stacy did kill and murder Cornelius. [State v. Hopper, supra.]''

It is contended by appellant's counsel that the utterances of this court in the above cases, in dealing with this subject, are mere *dicta*. It may be true that in some of the Missouri cases where this subject was considered, it was not necessary for the court to pass upon this question, but, in others relied on by the State, the subject under consideration here was fairly before the court, and determined as an issue in the case. We do not deem it necessary to enter into any extended discussion of the authorities on this subject, as, in our opinion, the language of Section 3687, Revised Statutes 1919, is too plain to admit of serious controversy. In order, however, that this matter may be put at rest, we hereby affirm the language of this court in respect to said alleged *dicta,* and hold that under the indictment in this case defendant was properly charged and tried as an accessory before the fact, although he was not personally present when the robbery actually occurred.

III. It is insisted by appellant that the ''failure of court to give defendant's counsel, upon request, the privilege of consulting with the defendant as to the jurors who were to be challenged, was a denial of due process of law.''

Consultation With Client.

It appears from the transcript that the following occurred at the trial in respect to this matter:

'' Thereupon on said 22nd day of March, 1921, thirty-four duly summoned jurors were called into the jury box and were duly examined upon their *voir dire* by respective counsel, and at the conclusion of said examination the following proceedings were had, to-wit:

''Mr. Lacy: Let the record show that upon ap-

plication by defendant's attorney to the court to be allowed to have access and communication with the defendant at the close of the examination of the *voir dire* for the purpose of receiving the benefit of the defendant's advice and knowledge with reference to the acquaintance and other matters pertaining to the several jurors examined, the court refused to allow said communication other than by a consultation in the city jail where visiting hours will not permit counsel at this time to have access to the defendant, which deprives counsel of an opportunity to communicate with defendant until nine o'clock to-morrow morning. Wherefore defendant, through his counsel, excepts to the ruling of the court and saves exception.

"The Court: I have not ruled on the matter as yet. It is now 4:45 of the afternoon of March 22nd. Counsel takes hours in this case in which to make their peremptory challenges, and counsel will be given permission and opportunity given, and ordered if he so desires, to consult with the defendant in this case at the city jail from this time until any time during the twelve hours.

"Mr. Lacy: Then, Your Honor, I ask for that order.

"Thereupon the court, after duly admonishing the jurors as to their conduct while court should not be in session, duly ordered court adjourned until nine a. m. of the following day, to-wit, March 23, 1921, at which hour and day all parties being present as heretofore court was duly convened and the following proceedings were had, to-wit:

"Thereupon the twelve jurors selected to try the cause were duly sworn, the indictment heretofore set out was read to them by the Assistant Circuit Attorney, and the Assistant Circuit Attorney made his statement to the jury of what he expected the evidence on behalf of the State to prove, and the defendant, by his counsel, having reserved his right to make a statement, the following proceedings were thereupon had."

Section 3200, Revised Statutes 1919, relied on by appellant, reads as follows:

"All persons arrested and confined in any jail, calaboose or other place of confinement by any peace officer, . . . and every such person shall, while so confined, be permitted at all reasonable hours during the day to consult with counsel or other persons in his behalf; and any person or officer who shall violate the provisions of this section, . . . by refusing to permit him to see and consult with counsel or other persons, . . . shall be deemed guilty of a misdemeanor."

The above complaint is without merit. The ruling of the court was acquiesced in by appellant, and no objection was made, or exception saved, as to said ruling. There is nothing in the record to indicate that the trial court denied to defendant due process of law. On the contrary, under the facts aforesaid, it will be presumed that the trial court did its duty. [State v. McNeal, 237 S. W. (Mo.) l. c. 741 and cases cited; B. City F. G. Assn. v. G. H. Zollmann P. Co., 220 S. W. l. c. 916.]

IV. It is claimed by appellant that he was improperly convicted upon the testimony of Thomas Flowers, a co-defendant charged with the same offense. It appears from the record that Flowers had pleaded guilty before he was examined as a witness. Co-Defendant: Competent Witness for State. He was, therefore, a competent witness in the case. [State v. Jackson, 106 Mo. l. c. 178; State v. Minor, 117 Mo. l. c. 305-6; State v. Wigger, 196 Mo. l. c. 97; State v. Shelton, 223 Mo. l. c. 135; State v. Reppley, 278 Mo. l. c. 338, 213 S. W. l. c. 479.]

V. We have considered at length the questions presented by appellant under his "Points and Authorities." We have likewise carefully read the record and briefs of respective counsel, and find no error in the case of

which appellant can legally complain. The instructions

No Errors.    given by the court are as favorable to defendant as he had any legal right to expect. The jury were fully instructed as to all the law that was necessary for their consideration of the merits of the case.

In conclusion, we hold, that defendant has received a fair and impartial trial and has been properly convicted upon substantial evidence. The judgment below is accordingly affirmed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.